IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| KENNETH WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>BOLCOR COMMERCIAL FLOORING, LLC,<br><br>    Defendant. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KENNETH WILSON ("Plaintiff" or "Wilson") sues Defendant, BOLCOR COMMERCIAL FLOORING, LLC ("Defendant" or "Bolcor"), and alleges:

**NATURE OF THE ACTION**

1. This is an action for unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), against Defendant, Plaintiff's former employer.

2. Defendant willfully failed to pay Plaintiff overtime compensation for hours worked in excess of forty (40) in one or more workweeks.

3. Defendant misclassified Plaintiff as exempt from overtime as a salaried employee, even though Plaintiff primarily performed manual labor and other non-exempt duties.

4. In other workweeks, Defendant misclassified Plaintiff as an independent contractor to further avoid its overtime obligations under the FLSA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendant because Defendant conducts business in Florida and within the Middle District of Florida.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this District and the events giving rise to Plaintiff's claims occurred here.

## PARTIES

8. Plaintiff Kenneth Wilson is an individual residing in Florida who was employed by Defendant during the relevant time period.

9. Defendant Bolcor Commercial Flooring, LLC is a Florida business, with its principal place of business located at 4651 SE 11th Place, Cape Coral, FL 33904.

10. Bolcor is engaged in flooring installation and related construction services and was Plaintiff's employer within the meaning of the FLSA.

## FLSA COVERAGE

11. At all relevant times, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all relevant times, Defendant employed two or more employees who handled goods or materials that had moved in interstate commerce and had annual gross sales of at least $500,000.

## FACTUAL ALLEGATIONS

13. Defendant employed Plaintiff as a Project Manager from approximately June 2025 through October 2025.

14. Plaintiff was paid a salary of approximately $60,000 per year and was classified as exempt from overtime.

15. Plaintiff routinely worked more than forty (40) hours per workweek, often working approximately sixty-five (65) hours per week, including nights and weekends.

16. Although Plaintiff's title was "Project Manager," his primary job duties were non-exempt in nature and focused on field work rather than managerial or discretionary functions.

17. Plaintiff's duties included performing manual labor alongside installers, remaining on job sites for extended hours, and performing field-related tasks rather than managerial or discretionary work.

18. Plaintiff did not have authority to hire or fire employees, set pay rates, bind Defendant to contracts or expenses, or exercise independent managerial discretion.

19.     On multiple occasions, Defendant refused to pay subcontractors for additional work Plaintiff was instructed to oversee, asserting that such work had not been authorized, further confirming Plaintiff's lack of financial authority.

20.     Initially, Defendant paid Plaintiff extra compensation for manual labor, acknowledging the non-exempt nature of that work, but later stopped paying such compensation while continuing to require Plaintiff to perform the same labor.

21.     In certain workweeks, Defendant also paid Plaintiff separately as a purported independent contractor, despite controlling Plaintiff's work and treating him as an employee.

22.     Defendant did not maintain a timekeeping system, did not provide paystubs, and did not provide Plaintiff access to payroll records.

23.     Plaintiff nevertheless maintained GPS-based time records reflecting substantial overtime hours worked.

24.     Plaintiff's employment ended following a dispute regarding unpaid wages and the timing of his compensation.

## COUNT I
### VIOLATION OF THE FLSA – UNPAID OVERTIME
### 29 U.S.C. § 207(a)(1)

25.     Plaintiff realleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

26.     At all relevant times, Plaintiff was a non-exempt employee entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

27. Defendant failed to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay, in violation of 29 U.S.C. § 207(a)(1).

28. Defendant's failure to pay overtime resulted from its willful misclassification of Plaintiff as exempt and, in certain workweeks, as an independent contractor.

29. Defendant failed to keep accurate records of Plaintiff's hours worked, as required by the FLSA.

30. As a direct result of Defendant's violations, Plaintiff suffered unpaid overtime wages for hours worked in excess of forty (40) in one or more workweeks

31. Defendant's violations were willful, entitling Plaintiff to recover unpaid overtime wages and liquidated damages pursuant to 29 U.S.C. §§ 216(b) and 255(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests entry of judgment in his favor and against Defendant for unpaid overtime wages, liquidated damages pursuant to 29 U.S.C. § 216(b), reasonable attorney's fees and costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017
